**O**

# United States District Court
# Central District of California

| | |
|---|---|
| ARSLAN BHATTI, | Case No. 2:14-cv-03226-ODW(RZx) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS** |
| ROGER GOLDMAN; TELECOM DEBT | **BANKAI GROUP INC. AND** |
| COLLECTION AND CREDIT | **BANKIM BRAHMBATT'S MOTION** |
| INFORMATION AGENCY; BANKAI | **TO SET ASIDE ENTRY OF** |
| GROUP, INC.; BANKIM | **DEFAULT [24] AND DENYING AS** |
| BRAHMBHATT; DOES 1–10, inclusive, | **MOOT PLAINTIFF'S MOTION FOR** |
| Defendants. | **DEFAULT JUDGMENT [22]** |

On June 10, 2014, Defendants Bankai Group, Inc. and Bankim Brahmbatt ("the Bankai Defendants") filed a Motion to Set Aside Entry of Default.  (ECF No. 24.) The Bankai Defendants contend that good cause exists because service of the Complaint was improper and Plaintiff Arslan Bhatti's counsel was uncooperative in reaching a stipulation to extend time to answer while the Bankai Defendants obtained local counsel.  Bhatti has already moved for default judgment (ECF No. 22), and timely opposed the Motion to Set Aside Default (ECF No. 28).  For the reasons

/ / /

discussed below, the Court **GRANTS** the Motion to Set Aside Entry of Default and **DENIES AS MOOT** the Motion for Default Judgment.[1]

The Complaint in this action was filed on April 28, 2014.  (ECF No. 1.)  Bhatti raises various claims, including a RICO violation and copyright infringement.  On May 13, 2014, Bhatti filed proofs of service on the docket for the Bankai Defendants indicating that the Summons and Complaint were served upon a "Lilian Medoca, Managing Agent of [Bankai]" and a "Lilian Medola, Secretary of Bankim Brahmbhatt" at an address in New York.  (ECF Nos. 13, 14.)  Bhatti sought entry of default against the Bankai Defendants on June 3, 2014.  (ECF No. 17.)  The Clerk of Court entered default against the Bankai Defendants the following day.  (ECF No. 20.)

Federal Rule of Civil Procedure 55(c) gives a district court the discretion to set aside entry of default upon a showing of good cause.  In assessing whether good cause exists to set aside default, district courts look at three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default."  *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).  Courts must also keep in mind that default judgments are "appropriate only in extreme circumstances" and cases should be decided on the merits whenever possible.  *Falk*, 739 F.2d at 463.

In their Motion to Set Aside Entry of Default, the Bankai Defendants argue that good cause exists because service of the Summons and Complaint was improper.  According to the Bankai Defendants, the individual served—identified as Lilian Mendonca by the Bankai Defendants—is not an agent for service of process for Bankai Group and was not authorized to accept service for Brambhatt, who was allegedly served as an individual.  Moreover, the Bankai Defendants also argue that once they learned about the Summons and Complaint at an undisclosed time in May,

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

counsel in New York immediately attempted to locate counsel in California.  The Bankai Defendants claim to have reached out to Bhatti's counsel as early as May 30, 2014, to work out the issue regarding service and other alleged defects in the Complaint, such as lack of personal jurisdiction.  The Bankai Defendants did not hear back from Bhatti's counsel until after default was entered.

The Court finds that good cause exists for setting aside entry of default.  First, Bhatti has hardly been prejudiced by the delay.  The Bankai Defendants moved to set aside entry of default less than a week after default was entered.  This case is still in its very early stages, and none of the four Defendants in this action have answered the Complaint yet.  Setting aside entry of default against the Bankai Defendants will in no way delay Bhatti from litigating his case.

Second, the Bankai Defendants have alleged defenses that the Court believes may have merit including insufficient service of process and lack of personal jurisdiction.  *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001) (stating that a defendant seeking to set aside entry of default does not have an "extraordinarily heavy" burden must "present specific facts that constitute a defense").  Since cases should be decided on their merits whenever possible, the Court finds that the Bankai Defendants should be afforded the opportunity to present all of their defenses.

Finally, the Court is satisfied that the Bankai Defendants' failure to respond to the Complaint was either through no fault of their own or at the worst due to excusable neglect.  The Bankai Defendants have indicated that they have been diligent in seeking counsel in California to defend this action and that they made repeated attempts reach Bhatti's counsel to discuss substantive issues prior to entry of default.  This was the proper way to handle the issues of insufficient service of process and lack of personal jurisdiction before engaging in motion practice under Federal Rule of Civil Procedure 12.  *See* L.R. 7-3 (meet and confer requirement).  Thus, the Court will not penalize the Bankai Defendants for attempting to reach a nonjudicial resolution of

at least some of the issues in this case.   *See TCI Grp.*, 244 F.3d at 697 ("Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' . . . and is therefore not *necessarily* . . . culpable or inexcusable.").

For all of these reasons, the Court **GRANTS** the Bankai Defendants' Motion to Set Aside Entry of Default.  (ECF No. 24.)  Since entry of default has been set aside, the Court also **DENIES AS MOOT** Bhatti's Motion for Default Judgment.  (ECF No. 22.)  The Bankai Defendants must file an answer, or otherwise defend this action, **no later than 14 days** from the date of this Order.

The Court also takes a moment to remind the parties that a little civility goes a long way.  This Court has little patience for mud-slinging and bickering among counsel for opposing parties.  The Court strictly adheres to the Federal Rules of Civil Procedure and the Central District of California's Local Rules and will not hesitate to strike any motion that fails to strictly comply with Local Rule 7-3.

**IT IS SO ORDERED.**

July 1, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**