O

# United States District Court
# Central District of California

| | |
|---|---|
| ARSLAN BHATTI,<br><br>  Plaintiff,<br><br>  v.<br><br>ROGER GOLDMAN; TELECOM DEBT COLLECTION AND CREDIT INFORMATION AGENCY; BANKAI GROUP, INC.; BANKIM BRAHMBHATT; DOES 1–10, inclusive,<br><br>  Defendants. | Case No. 2:14-cv-03226-ODW(RZx)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY [63]** |

Before the Court is Plaintiff Arslan Bhatti's Ex Parte Motion for Leave to Take Limited Discovery. (ECF No. 63.) Bhatti seeks leave to conduct "limited discovery" on non-parties in order to identify Doe Defendants. The named Defendants do not oppose Bhatti's request. (*See* ECF No. 64.) But the Court finds Bhatti's request inappropriate for ex parte relief.

To justify *ex parte* relief, the moving party must demonstrate that it (1) will be irreparably harmed if *ex parte* relief is not granted and (2) was without fault in creating the crisis requiring *ex parte* relief. *Mission Power Eng'g Co. v. Continental*

*Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Furthermore, this Court strongly discourages *ex parte* practice.

Here, Bhatti fails to articulate a justification for ex parte relief.  Bhatti has not explained why the Motion must be heard on an ex parte basis with shortened notice.  Accordingly, Bhatti's Ex Parte Motion for Leave to Take Limited Discovery is **DENIED**.  (ECF No. 63.)

**IT IS SO ORDERED.**

October 17, 2014

_____
                    **OTIS D. WRIGHT, II**
           **UNITED STATES DISTRICT JUDGE**