**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| ARSLAN BHATTI,<br><br>    Plaintiff,<br><br>  v.<br><br>ROGER GOLDMAN; TELECOM DEBT COLLECTION AND CREDIT INFORMATION AGENCY; BANKAI GROUP, INC.; BANKIM BRAHMBHATT; BROADBAND TELECOM, INC.; DOES 1–10, inclusive,<br><br>    Defendants. | Case No. 2:14-cv-03226-ODW(RZx)<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS [67] [78]** |

  This action stems from an unpaid business debt. Plaintiff Arslan Bhatti brings suit against Defendants Roger Goldman; Telecom Debt Collection and Credit Information Agency ("TDCCIA"); Bankai Group, Inc.; Bankim Brahmbhatt; and Broadband Telecom, Inc., challenging their debt-collection practices. Defendants all moved to dismiss the First Amended Complaint ("FAC"), contesting service of process, personal jurisdiction, and the sufficiency of the allegations. (ECF Nos. 67, 78.)   The Court held a hearing on the Motions to Dismiss on

December 1, 2014.  But as discussed below, the Court does not reach the merits of the Motions because it finds that this action should be dismissed for lack of subject-matter jurisdiction.

Plaintiff initiated suit on April 28, 2014.  (ECF No. 1.)  All Defendants were named in the original Complaint except for Broadband Telecom.  Plaintiff alleged subject-matter jurisdiction based on federal-question and diversity jurisdiction.  In June and July 2014, default was entered against Goldman, TDCCIA, Bankai Group, and Brahmbhatt.  (ECF Nos. 20, 41, 42.)  However, the Court ultimately set aside default after these Defendants demonstrated good cause, largely calling into question the sufficiency of service.  (ECF Nos. 35, 64.)

On September 30, 2014—while a motion to dismiss the original Complaint was pending—Plaintiff filed the FAC, naming Broadband Telecom as an additional party. (ECF No. 56.)  In the FAC, Plaintiff brings eight claims against Defendants, including two federal claims for violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68, and federal copyright infringement.  However, Plaintiff no longer asserts diversity jurisdiction since Broadband Telecom is a California citizen.  (FAC ¶ 9.)

While the Court has thoroughly reviewed Defendants' Motions to Dismiss and finds that many of the arguments have merit, the Court is more troubled by the overall posture of this case.  From what the Court can ascertain from the largely conclusory pleadings as well as statements made at the December 1, 2014 hearing, a business associated with Plaintiff—non-party AK Communications—owes certain Defendants money.  The parties dispute whether Plaintiff is individually liable for this business debt. Plaintiff's claims challenge Defendants' debt-collection practices, characterizing the practices as extortion and blackmail.  But Defendants contend that Plaintiff has engaged in fraud to avoid payment of the business debt and that this suit is merely a stall tactic.  Having thoroughly reviewed the sparse allegations in the FAC, the Court finds that this action has no place in federal court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that federal courts have subject-matter jurisdiction only over civil actions involving federal questions under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Lack of subject-matter jurisdiction is never waived and may be raised by either party *or the court* at any time. *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011); *see also* Fed. R. Civ. P. 12(h)(3). Even where a Plaintiff alleges claims arising under federal law, a court can dismiss for lack of subject-matter jurisdiction if it finds that the federal claims are "so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy . . . ." *Oneida Indian Nation of N.Y. State v. Oneida Cnty., N.Y.*, 414 U.S. 661, 666–67 (1974); *see also Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Here, the Court finds that Plaintiff's RICO and copyright-infringement claims present the rare case where federal claims alleged in a complaint are so "completely devoid of merit" that dismissal for lack of subject-matter jurisdiction is warranted. Plaintiff's civil RICO allegations are conclusory at best, merely reciting the elements of the claim. (*See* FAC ¶¶ 41–54.) The allegations in the FAC of federal copyright infringement verge on being nonsensical. (*Id.* ¶¶ 25–26, 55–62.) Plaintiff alleges that he is seeking to register copyrights in certain "Works," but at no point in the FAC does he identify the nature of these "Works."[1] (*Id.*) Overall, the Court finds that Plaintiff's two federal claims are frivolous and exist only as an attempt to establish federal subject-matter jurisdiction. There is no question that a dispute exists between the parties, but it is a run-of-the-mill business dispute involving fraud, and the case squarely belongs in state court.

---

[1] At the December 1, 2014 hearing, Plaintiff's counsel indicated the "works" were photographs of Plaintiff and his family from social-media websites. The apparent infringement is the alleged doctoring of these photographs by photoshopping prison bars onto the images.

Given the already lengthy history of this case, which involves serious questions as to the sufficiency of service of process, the Court finds Defendants' stall-tactic argument persuasive. Even if the Court had subject-matter jurisdiction over this case, it would dismiss Bankai Group and Brahmbhatt for failure to properly serve the summons and complaint within 120 days. *See* Fed. R. Civ. P. 4(m). The facts and circumstances surrounding the attempted service of these Defendants are far from satisfactory. Moreover, Plaintiff's submissions in this case raise serious doubts as to Plaintiff's credibility. For example, in opposition to Defendants' Motions to Dismiss, Plaintiff submitted a stack of numbered exhibits. (*See* ECF Nos. 77-1; 81-1.) There is no declaration identifying or authenticating these exhibits. Plaintiff also requests judicial notice of a laundry list of evidence, including certain inaccessible websites such as www.tdccia.com. (ECF No. 84.) None of this evidence is the proper subject of judicial notice. Plaintiff's suit appears to be an attempt to thwart Defendants' debt-collection efforts and avoid resolution of the real dispute—Plaintiff's personal liability for the debt owed by AK Communications.

The Court has wasted enough time and resources on this case and finds that Plaintiff's only asserted bases for subject-matter jurisdiction in the FAC—the two federal claims—are frivolous. Accordingly, the Court **DISMISSES** this action for lack of subject-matter jurisdiction. *See* Rule 12(h)(3); *Henderson*, 131 S. Ct. at 1202; *Oneida Indian Nation*, 414 U.S. at 666–67. Since the Court dismisses this action sua sponte for lack of subject-matter jurisdiction, Defendants' Motions to Dismiss are **DENIED AS MOOT**. (ECF Nos. 67, 78.)

**IT IS SO ORDERED.**

December 2, 2014

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**